UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

THE UNITED STATES OF AMERICA,

        - against –
                                       **MEMORANDUM AND ORDER**

TARAS BEVZ,
                                            21 Cr. 618 (NRB)

           Defendant.

-------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      On December 1, 2022, this Court sentenced defendant Taras Bevz ("defendant" or "Bevz") to 46 months' imprisonment, at the bottom of the applicable Guidelines range, for his role in a conspiracy to commit money laundering. See ECF No. 28. Because Bevz is a noncitizen subject to removal upon his release from prison, the Court did not impose any supervised release.[1] ECF No. 30 at 16. On August 4, 2023, Bevz nonetheless filed a letter pro se, requesting that his sentence be modified to include one month of supervised release so that he could be eligible for early release under the First Step Act.[2] ECF No. 37. For the following

---

[1] This was consistent with the Guidelines, which provide that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c).

[2] The First Step Act allows certain prisoners to earn and use time credits to secure early release from prison, but only if their sentences include a term of supervised release following imprisonment. See 18 U.S.C. § 3624(g)(3).

reasons, Bevz's motion, which will be construed as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A), is denied.

A motion for compassionate release requires Bevz to show "extraordinary and compelling reasons" warranting the relief he seeks. 18 U.S.C. § 3582(c)(1)(A)(i). He has not done so. Bevz relies on a single case from the District of Minnesota where compassionate release was granted, see United States v. Nunez-Hernandez, 2023 WL 3166466 (D. Minn. Apr. 27, 2023), but ignores authority in this Circuit denying compassionate release under similar circumstances, see, e.g., United States v. Saleem, 18 Crim. 274(VEC), ECF No. 115 at 1-2 (S.D.N.Y. Mar. 22, 2023). In Saleem, the defendant was a deportable noncitizen who, like Bevz, sought a post-sentencing imposition of a brief term of supervised release to be eligible for early release. Id. The court denied the motion, holding that the defendant's inability to apply time credits to early release did not constitute an extraordinary and compelling reason warranting a sentencing modification. Id. at 2.

Furthermore, the First Step Act explicitly prohibits prisoners who are subject to a final order of removal from applying time credits to early release. 18 U.S.C. § 3632(d)(4)(E); see also United States v. Herrera, No. 21 Crim. 750(LJL), 2023 WL 3862695, at *3 (S.D.N.Y. June 7, 2023). Although Bevz is not yet

-2-

subject to a final order of removal, he correctly acknowledges that his deportation is "inevitable." ECF No. 24 at 9. Indeed, this Court sentenced Bevz on the express understanding that he would be "deported immediately" following his release from prison. ECF No. 30 at 16. Therefore, Bevz's ineligibility for early release does not constitute an extraordinary and compelling reason for modifying his sentence.

Moreover, even if Bevz could establish extraordinary and compelling reasons to modify his sentence, the Section 3553(a) factors weigh decidedly against doing so. Despite being well-educated and well-paid in Russia, Bevz travelled to the United States with the intent to carry out a sprawling fraudulent scheme that targeted forty known victims in the United States and defrauded them of over one million dollars. After lying to U.S. immigration officials to enter the country as a "tourist," Bevz rushed to incorporate entities and open bank accounts that would be used for this scheme. As the victims' submissions to the Court made clear, Bevz's crimes caused profound financial, emotional, and mental harm to many people. Clearly, these factors do not warrant a <u>below</u> Guidelines sentence, which is effectively what Bevz seeks, given that the same factors would have just as easily justified an <u>above</u> Guidelines sentence. The 46-month sentence

that was imposed was and remains the minimum necessary to serve the purposes of sentencing in this case, and therefore, Bevz's motion for compassionate release is denied.

**SO ORDERED.**

Dated:   New York, New York
         December 27, 2023

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE